IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Frederick Van Anderson, ) | |
| ) | Civil Action No.: 5:18-cv-00682-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Scott Lewis, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 30, 2018 (ECF No. 25). The Report addresses Plaintiff Frederick Van Anderson's ("Plaintiff") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) and recommends that the court dismiss the Petition and grant Defendant Warden Scott Lewis'("Defendant") Motion for Summary Judgment (ECF No. 14). (ECF No. 25 at 28.) For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 25), incorporating it herein, **DISMISSES** the Petition (ECF No. 1) without prejudice, **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 14), and **DENIES** Plaintiff's Motion for Judicial Notice of Adjudicative Fact (ECF No. 20).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 25.) As brief background, Plaintiff, proceeding *pro se*, filed his Petition on March 9, 2018.[1] (ECF No. 1.) In his Petition, Plaintiff alleges the following:

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In the instant case, Plaintiff's

(1) the trial court that convicted him lacked jurisdiction because of procedural defects; (2) the violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution; (3) the post-conviction relief ("PCR") court erred by reconstructing the record; and (4) his trial counsel was ineffective for failing to request a competency hearing when there was evidence raising a "substantial doubt" regarding his competency. (*Id.* at 5-10; ECF No. 25 at 9-10.) Plaintiff requests the court to reverse the state court decisions and remand his case for a new trial. (ECF No. 1 at 15.)

On May 29, 2018, Defendant filed his Motion for Summary Judgment. (ECF No. 14.) Defendant argues that Plaintiff's claims are procedurally defaulted, not cognizable, and fail on the merits. (ECF No. 13 at 8-10, 14-27.) Defendant also maintains that many of Plaintiff's claims are belied by the record before the court. (*Id.* at 14-27.) On May 30, 2018, the Magistrate Judge issued a *Roseboro* Order[2] and advised Plaintiff of the consequences of failing to respond to Defendant. (ECF No. 15 at 1-2.) On that same day, the *Roseboro* Order was mailed to Plaintiff. (ECF No. 16.) Approximately a month after Defendant filed his Motion for Summary Judgment, Plaintiff filed his Motion for Judicial Notice of Adjudicative Fact on June 19, 2018, claiming facts exist that "can be accurately and readily determined from sources whose accuracy cannot reasonabl[y] be questioned." (ECF No. 20 at 1-2.) Also occurring on June 19, 2018, Plaintiff responded in opposition to Defendant's Motion for Summary Judgment. (ECF No. 21.)

The Magistrate Judge filed her Report on October 30, 2018. (ECF No. 25.) In the Report, the Magistrate Judge reasoned that Plaintiff's challenge to the trial court's jurisdiction is not

---

Petition was filed, pursuant to *Houston*, on March 9, 2018, the date on which Plaintiff gave his Petition to prison authorities (ECF No. 1-2 at 1). 487 U.S. at 275.
[2] A *Roseboro* Order requires district courts to provide an explanation of summary judgment procedures in habeas corpus cases. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

cognizable and is a question under state law. (*Id.* at 21.) Additionally, the Magistrate Judge concluded that Plaintiff's remaining claims are procedurally defaulted without an excuse. (*Id.* at 23-28.) For those reasons, the Magistrate Judge ultimately recommended that the court deny Plaintiff's Petition and Motion for Judicial Notice of Adjudicative Fact, but grant Defendant's Motion for Summary Judgment. (*Id.* at 28.) On this same day, Plaintiff was advised of his right to file specific, written objections to the Report. (ECF No. 25-1 at 1.) At the latest, Plaintiff's objections should have been filed by November 16, 2018. (ECF No. 25.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a specific, written objection to a Report will

result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then a *de novo* review by the court is not required. *See Suttles v. Chater,* No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). However, the court must not transform itself "into an advocate," and "[o]nly those questions which are squarely presented to [the] court may be properly addressed." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on October 30, 2018. (ECF No. 25-1 at 1.) Objections to the Report were due by November 13, 2018. (ECF No. 25.) However, objections were due by November 16, 2018, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Plaintiff's Objection was

4

filed on November 21, 2018,³ which is well after November 13, 2018, and November 16, 2018. (*Compare* ECF No. 30 at 1, *and* ECF No. 30-2 at 1, *with* ECF No. 25.) Given that Plaintiff's Objection is untimely, the court need not consider it for purposes of reviewing the Report. *See Taylor v. Gainey*, 203 F. App'x 426, 427 (4th Cir. 2006) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.").

In the absence of *timely*, specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Upon a careful review, the court concludes that the Magistrate Judge's Report is well reasoned, accurately summarizes the law, and correctly applies the law to the instant Petition. (ECF No. 25 at 9-29.) On the face of the Report, there is no clear error. *See Diamond*, 416 F.3d at 316. Therefore, because Plaintiff's objection is untimely, there are no other objections, and there is no clear error, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25) and incorporates it herein. The court **DISMISSES** Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice, **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 14), and **DENIES** Plaintiff's Motion for Judicial Notice of Adjudicative Fact (ECF No. 20).

### Certificate of Appealability

---

³ November 21, 2018, is indicated from a stamp, presumably placed by prison officials, on Plaintiff's envelope and Objection. (*See* ECF No. 30 at 1; ECF No. 30-2 at 1.) Therefore, pursuant to *Houston*, Plaintiff's Objection was filed on November 21, 2018. 487 U.S. at 275.

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 19, 2018
Columbia, South Carolina