# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Frederick Van Anderson, ) | Civil Action No.: 5:18-cv-00682-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden Scott Lewis, ) | |
| ) | |
| Defendant. ) | |

Petitioner Frederick Van Anderson is a state prisoner serving a life sentence at the Perry Correctional Institution in Pelzer, South Carolina. (ECF No. 1 at 1.) On March 12, 2018, Anderson filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 1). On July 9, 2019, the court entered an Order (ECF No. 43) (the "July Order") that accepted the Magistrate Judge's Report and Recommendation (ECF No. 25), dismissed Anderson's Petition (ECF No. 1) without prejudice, granted Defendant Warden Scott Lewis's Motion for Summary Judgment (ECF No. 14), and denied Anderson's Motion for Judicial Notice of Adjudicative Facts (ECF No. 20).

This matter is before the court on Anderson's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 45 at 1.) Specifically, Anderson seeks reconsideration of the July Order as to "his 5th, 6th and 14th Amendment violations, grounds one (1) through four (4) and [] Petitioner's Motion for Adjudicated Facts." (ECF No. 45 at 6.) For the reasons set forth below, the court **DENIES** Anderson's Motion to Alter or Amend.

## I.   JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which states that

a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner "is in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## II.	RELEVANT BACKGROUND TO PENDING MOTION

The court adopts its prior recitation of factual and procedural background outlined in the July Order (*see* ECF No. 43 at 1–3). Additionally, in the July Order, the court made the following observations in dismissing Anderson's Petition (ECF No. 1):

> In the instant case, the court has reviewed Petitioner's Petition (ECF No. 1), his Objection (ECF No. 30), and the Magistrate Judge's Report (ECF No. 25). After examining all of the pleadings, the court concludes that Petitioner's Objection restates arguments that are adequately addressed by the Report. (*Compare* ECF No. 1, *with* ECF No. 25.) Moreover, Petitioner's Objection largely mirrors pages within his Petition, almost verbatim, which was explicitly before the Magistrate Judge and considered by the Report. (*Compare* ECF No. 30, *with* ECF No. 1, *and* ECF No. 1-1.) Lastly, Petitioner's Objection does not even mention any disagreement with the findings of the Report, including the Report's specific conclusions about the procedural default of his claims and whether challenges to a state trial court's jurisdiction are cognizable within federal court. (*See* ECF No. 30.) As such, a *de novo* review is unnecessary because Petitioner has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Petitioner. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Petitioner's Objection, is well-reasoned, and properly analyzes the rehashed issues from Petitioner. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). Therefore, all of Petitioner's objections are overruled because they not specific, merely restate arguments, and fail to identify issues with the Magistrate Judge's Report. *See Stanley v. Beckwith*, C/A No. 1:11-cv-00607-JMC, 2012 WL 930954, at *1 (D.S.C. Mar. 19, 2012) (finding that a petitioner's objections were not specific objections because they were "merely restatements of the arguments made in his initial filings" and adopting a magistrate judge's report and recommendation).
>
> In the absence of timely, *specific* objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Upon a careful review, the court concludes that the Magistrate Judge's Report is well reasoned, accurately summarizes the law, and correctly applies the law to the instant Petition. (ECF No. 25 at 9–29.) On the face of the Report, there is no clear error. *See Diamond*, 416

>F.3d at 316. Therefore, [the] court adopts the Report herein. *Camby*, 718 F.2d at 199.

(ECF No. 43 at 5–6.) Anderson seeks to alter or amend the July Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

### III. STANDARD OF REVIEW

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

### IV. ANALYSIS

A. <u>Anderson's Arguments</u>

In his Motion, Anderson generally argues that the court failed to "address any part of [] [P]etitioner's objection to the Magistrate [Judge]'s Report and Recommendation or Petitioner's Motion[] for Judicial Notice of Adjudicative Facts." (ECF No. 45 at 1.) Anderson complains that the court should have made its own "specific findings of fact" and stated "conclusions of law"

3

addressing each of the issues presented in his Petition and in his Motion for Judicial Notice of Adjudicative Facts. (*Id.* at 2.) Anderson asserts that instead of doing this, the court "delegated that responsibility to the Attorney General's office." (*Id.*)

Anderson next argues more specifically that the court erred by failing to either set forth in the July Order a full factual recitation or rule on his "claim that the PCR judge's decision was an unreasonable determination of the facts in light of the evidence submitted in court." (*Id.* at 3.) Additionally, Anderson argues that the court committed error by failing to issue a decision on whether he was properly indicted as required by the Due Process Clause. (*Id.* at 4.) As a result of the foregoing, Anderson asserts that the court "should correct this constitutional violation and clear error of law to prevent further manifest injustice." (*Id.* at 5 (citations omitted).)

B.   The Court's Review

In his Motion (ECF No. 45), Anderson urges the court to alter or amend the July Order claiming that the court's decision was either a clear error of law or resulted in a manifest injustice. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS*

*Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

Upon review of the instant Motion, the court observes that Anderson's assertions add very little new substantive context to what he has already presented on the issue of whether the state court charging documents were deficient.¹ (*Compare* ECF Nos. 1 at 5 and 30 at 3–5, *with* ECF No. 45 at 4.) A Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). In the July Order (ECF No. 43), the court cited to relevant case law to support its

---

¹ The court observes that Anderson's assertions regarding the alleged deficiencies in his state court indictments were also the focus of his Motion for Judicial Notice of Adjudicative Facts. (ECF No. 20.) Specifically, Anderson asserted that the court should take judicial notice of the following facts "readily determined from sources whose accuracy cannot reasonabl[y] be questioned":

> 1.) Petitioner was never indicted by the Greenville County Grand jury, that the regular indictment procedure was not followed and the court lacked jurisdiction to accept his guilty plea and impose sentence . . . 2.) Petitioner's three indictments . . . were allegedly true billed, but were never signed by the Grand Jury Foreperson. 3.) Investigator Ashley Foy researched and found that the Grand Jury Foreperson do[es] not remember ever signing Petitioner's indictments . . . 4.) Petitioner ha[s] met his burden of proving there were irregularities with the Grand Jury procedure that invalidate his indictments. 5.) Petitioner's indictment[s] were never published in open court. 6.) The State ha[s] violated S.C. Constitution Article I & II and the 5th Amendment. 7.) The PCR judge and S.C. Supreme Court's decision was an unreasonable determination of the facts in light of the evidence presented. . . . 8.) The State ha[s] violated clearly established law precedent. 9.) Petitioner is requesting an evidentiary hearing.

(ECF No. 20 at 1–2.)

reasoning that Anderson's claims regarding his state court indictments were either procedurally defaulted or not cognizable in the federal court. (*Id.* at 5–6.) As a result, the court is not persuaded that entry of the July Order resulted in the commission of either clear error of law or manifest injustice. Accordingly, the court must deny Anderson's Motion.

## V. CONCLUSION

For the reasons set forth above, the court **DENIES** Petitioner Frederick Van Anderson's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 45 at 1.).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Petitioner Frederick Van Anderson a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 12, 2020
Columbia, South Carolina